IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01860-CMA-NYW

ERIC L. GARNER,

    Plaintiff,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW),

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the court on the Motion of Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) to Dismiss the Complaint [Doc. 12][1] and the Memorandum of Law of Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) in Support of its Motion to Dismiss the Complaint [Doc. 13] (collectively, the "Motion" or "Motion to Dismiss"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 3, 2021, [Doc. 10], and the Memorandum dated October 15, 2021. [Doc. 14]. This court has reviewed the Motion, the associated briefing, and the applicable case law, and finds that oral argument would not materially assist in the resolution of this matter. For the reasons set forth herein, the

---

[1] This court uses the convention [Doc. __] to refer to docket entries in the District of Colorado's Electronic Case Filing ("ECF") system. For purposes of clarity, the court cites to the Parties' briefs using the page numbers generated by the ECF system, rather than the page numbers assigned by the Parties.

court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

The court draws the following facts from the Complaint [Doc. 1] and presumes they are true for purposes of the instant Motion. Plaintiff Eric L. Garner ("Plaintiff" or "Mr. Garner") was previously employed by non-party Fiat Chrysler Automobiles (FCA) US ("Fiat"). [Doc. 1 at 3]. In July 2018, Mr. Garner filed grievances with Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW" or "Defendant") regarding "labor disputes" with Fiat, "with the intention of seeking representation in collective bargaining with" Fiat. [*Id.* at 3, 4]. Plaintiff alleges that UAW failed to follow its established grievance procedures and failed to take appropriate action to respond to his "request [for UAW] to engage in representation with [Fiat] on [Plaintiff's] behalf." [*Id.* at 3]. More specifically, UAW did not respond to Plaintiff's grievances until February 2020—two and a half years after the grievances were submitted—and responded only after Plaintiff filed a charge with the National Labor Relations Board ("NLRB"). [*Id.*]. UAW's response stated that Plaintiff's grievances lacked merit and had been dismissed. [*Id.*]. Moreover, after the initial stages of the grievance process, Defendant did not maintain custody of the evidence that Plaintiff had submitted in support of his grievances. [*Id.*].

Additionally, Mr. Garner alleges generally that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that Fiat had discriminated and retaliated against him in the course of his employment. [*Id.*]. Mr. Garner asserts that he believes that "the only justification" for UAW failing to take any action on his grievances

2

was his "interaction with the EEOC"—in other words, Mr. Garner alleges that UAW discriminated or retaliated against him for filing an EEOC charge against Fiat. [*Id.* at 4].

Plaintiff initiated this civil action pro se on July 8, 2021. *See generally* [*id.*]. Mr. Garner asserts two claims for relief: (1) a "[c]omission of [u]nfair [l]abor [p]ractices" claim under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.* ("Claim One") and (2) a discrimination claim under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* ("Claim Two"). [*Id.* at 3]. Defendant filed the instant Motion to Dismiss on October 12, 2021, arguing that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 12; Doc 13]. In response, Mr. Garner filed two documents titled "Plaintiff's Response to the Motion to Dismiss the Complaint Filed by Defendant[] On 10/12/2021." [Doc. 17; Doc. 18]. Because these documents were timely filed and do not exceed the page limits for a response set forth in the presiding judge's Practice Standards, *see* CMA Civ. Practice Standard 10.1(d)(1), the court considers these documents together as Plaintiff's Response. Defendant did not file a reply in support of its Motion to Dismiss, and the time to do so has lapsed. *See* D.C.COLO.LCivR 7.1(d). The Motion is thus ripe for recommendation, and I consider the Parties' arguments below.

## LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*,

3

595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nevertheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that even pro se litigants cannot rely on conclusory, unsubstantiated allegations to survive a 12(b)(6) motion). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible"). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II. Pro Se Pleadings

In applying the above principles, this court is mindful that Mr. Garner proceeds pro se and the court thus affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as his advocate, *Hall*, 935 F.2d at 1110, and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

Defendant seeks to dismiss Mr. Garner's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 13 at 4-5]. First, UAW asserts that Plaintiff's Claim One should be dismissed because it is barred by the applicable statute of limitations. [*Id.* at 5]. Additionally, it maintains that Plaintiff's FLSA claim fails to plead facts sufficient to state a claim under Rule 12(b)(6). [*Id.* at 5-6]. The court addresses these arguments in turn.

I.   **National Labor Relations Act**

The NLRA was enacted to "encourag[e] the practice and procedure of collective bargaining and [to] protect[] the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection." 29 U.S.C. § 151. Section 7 of the NLRA establishes the rights of employees to engage in collective-bargaining activities, *see* 29 U.S.C. § 157, while section 8 defines the obligations of employers and labor organizations and defines which acts constitute "unfair labor practices" prohibited under the law. *See* 29 U.S.C. § 158. Mr. Garner asserts a claim under section 8, but does not set forth which subsection(s) of section 8 he believes Defendant has violated. *See generally* [Doc. 1 at 3].

UAW argues that Claim One should be dismissed because it is barred by the applicable statute of limitations. [Doc. 13 at 5]. Specifically, UAW asserts that unions "owe a federal, judicially-created duty – the DFR ["duty of fair representation"] – to the employees they represent," and "[a] claim for breach of the DFR is subject to a six-month statute of limitations." [*Id.*]. UAW maintains that although the Complaint does not specify

when the alleged violation(s) occurred, the last date referenced in the Complaint which involves UAW is February 2020, and because Mr. Garner's lawsuit was filed more than six months after February of 2020, his claim is time-barred. [*Id.*]. Mr. Garner responds that he filed an NLRB complaint in February 2020 "after being completely ignored by [the] union." [Doc. 17 at 2]. He states that the NLRB "accepted the complaint even though it was past the statute of limitations" because UAW had never responded to or processed his grievances, which made the complaint "valid and relevant." [*Id.*]. Plaintiff further asserts that, in April 2021, the NLRB "decided that [UAW was] liable for unfair labor practices and should be held accountable for such actions," closing [its] investigation in April or May of 2021. [*Id.*]. Mr. Garner states that he "has all documents, text messages, emails and witnesses to confirm such statements." [*Id.*].

### A. The Nature of Claim One

In its Motion to Dismiss, Defendant characterizes Claim One as a "DFR" claim, or a duty-of-fair-representation claim. *See* [Doc. 13 at 5]. Plaintiff's Complaint does not reference the duty of fair representation or allege a breach of any duty. *See generally* [Doc. 1 at 3-4]. Rather, Plaintiff expressly characterizes its claim as asserting a "[c]omission of [u]nfair [l]abor [p]ractices" under § 158(b). [*Id.* at 3]. But "as a general matter, neither state nor federal courts possess jurisdiction over claims based on activity that is 'arguably' subject to §§ 7 or 8 of the NLRA." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 74 (1989). Instead, the NLRB has "exclusive jurisdiction over unfair labor practices prohibited by the NLRA," *Cumpston v. Dyncorp Tech. Serv., Inc.*, 76 F. App'x 861, 865 (10th Cir. 2003), and jurisdiction over any appeal of a final order of the NLRB lies within the court of appeals. 29 U.S.C. § 160(f); *N.L.R.B.*

*v. Vista Del Sol Health Servs., Inc.*, 40 F. Supp. 3d 1238, 1251-52 (C.D. Cal. 2014). Accordingly, district courts do not have jurisdiction over claims asserting a violation of 29 U.S.C. § 158(b). *Orion Painting & Contracting, Inc. v. Int'l Union of Painters & Allied Trades AFL-CIO Dist. Council No. 6*, No. 1:06-cv-0518, 2006 WL 8453957, at *1 (N.D. Ohio Mar. 13, 2006). Thus, insofar as Mr. Garner seeks to assert a violation of 29 U.S.C. § 158(b) in Claim One, this court respectfully **RECOMMENDS** that such cause of action be **DISMISSED without prejudice** for lack of subject matter jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (dismissal for lack of jurisdiction should be without prejudice).

"This jurisdictional limit, however, does not apply to DFR claims." *Serna v. Am. Postal Workers Union, AFL-CIO*, No. SA-17-CA-1231-OLG (HJB), 2018 WL 4701833, at *3 (W.D. Tex. July 10, 2018), *report and recommendation adopted*, 2018 WL 4688782 (W.D. Tex. Aug. 29, 2018) (citing *Breininger*, 493 U.S. at 74; *Vaca*, 386 U.S. at 177); *see also Aguinaga v. John Morrell & Co.*, 602 F. Supp. 1270, 1276 (D. Kan. 1985) (claims asserting a violation of the duty of fair representation may be brought in federal court under 28 U.S.C. § 1331). The Supreme Court has recognized that the NLRA imposes a duty of fair representation on a labor organization in the course of representing its members. *See, e.g.*, *Steele v. Louisville & Nashville R.R. Co.*, 323 U.S. 192, 204 (1944). "The DFR finds no precise reference point in the express terms of the NLRA. Rather, the DFR is mostly a creation of the courts." *Jacoby v. N.L.R.B.*, 325 F.3d 301, 305 (D.C. Cir. 2003). An assertion that a union has breached its duty of fair representation is separate and distinct from an assertion that the union has engaged in unfair labor practices under § 158(b). *See, e.g.*, *id.* at 307 ("The substantive reach of the DFR is not precisely

7

coterminous with the rights protected by § 8(b)(1)(A) or § 8(b)(2); rather, the DFR and the statutory [unfair labor practices] seem to form interlocking rings, with broad areas of overlap."). The duty of fair representation requires a labor organization to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967).

Because the court construes Mr. Garner's filings liberally, *Haines*, 404 U.S. at 520-21, and given Defendant's own characterization of Claim One as an unfair representation claim, the court proceeds to consider whether Claim One viably asserts a violation of UAW's duty of fair representation.[2]

B.  **Statute of Limitations**

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (quoting *Aldrich v. McCulloch Props., Inc.*, 627

---

[2] The Supreme Court has cautioned that where the challenged conduct is even "arguably" subject to section 7 or 8 of the NLRA, "the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board and deem the claim preempted." *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). "Employees . . . may not circumvent the primary jurisdiction of the NLRB simply by casting statutory claims as violations of the union's duty of fair representation." *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 743 (1988). UAW does not argue that Mr. Garner's Claim One is an improper attempt to assert an unfair-labor-practices claim in this court, *see* [Doc. 13], and the court is under no obligation to construct arguments on behalf of or perform legal research for parties. *Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016). Nevertheless, the court has reviewed the unfair labor practices enumerated in the NLRA, *see* 29 U.S.C. § 158(b)(1)-(7), and concludes that Mr. Garner's Complaint can be liberally construed as asserting a violation of the duty of fair representation based on conduct that does not fall within the acts prohibited by the statute.

F.2d 1036, 1041 n.4 (10th Cir. 1980)).  Defendant argues that "[a] claim for breach of the DFR is subject to a six-month statute of limitations."  [Doc. 13 at 5].  Mr. Garner does not disagree that his claim is subject to a six-month statute of limitations, acknowledging that "[*DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151 (1983)] states that an employee has a six-month statute of limitation to file a civil suit against the union for breach of the duty of fair representation."  [Doc. 18 at 1].  However, Mr. Garner further cites two Colorado statutes which provide two- and three-year statutes of limitations for certain enumerated civil actions.  See [*id.* (citing Colo. Rev. Stat. §§ 13-80-101, 13-80-102)].

To the extent that Mr. Garner's Response can be construed as arguing that the court should apply a two- or three-year statute of limitations to his claim pursuant to Colorado law, the court respectfully disagrees.  The Tenth Circuit has expressly held that a six-month statute of limitations applies to claims asserting a violation of the duty of fair representation.  *See Witt v. Roadway Exp.*, 136 F.3d 1424, 1430 (10th Cir. 1998).  A duty-of-fair representation claim accrues, and the statute of limitations begins to run, when the employee "knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violation."  *Spaulding v. United Transp. Union*, 279 F.3d 901, 908 (10th Cir. 2002) (quotation omitted).  Thus, for Mr. Garner's claim to be timely, it must have been brought within six months of the date on which he knew or should have known of UAW's alleged breach of duty.

Defendant argues that Claim One is time-barred because Plaintiff filed his NLRB complaint in January 2020 and "the latest date cited [in the Complaint] involving [UAW] was February 2020."  [Doc. 13 at 5].  It thus follows, according to Defendant, that because Mr. Garner filed this civil action more than six months after either of these general dates,

his unfair representation claim is untimely. [*Id.*]. Mr. Garner disagrees; he maintains that his cause of action accrued in "April [or] May of 2021," when the NLRB "finally closed out [its] investigation" and "decided that [Defendant was] liable for unfair labor practices and should be held accountable for such actions." [Doc. 17 at 2].

As a preliminary matter, the court respectfully disagrees with the proposition that the mere fact that the most recent specific date in the Complaint is more than six months prior to the filing date of this action alone is determinative of timeliness. As set forth above, a statute-of-limitations defense is available on a Rule 12(b)(6) motion to dismiss only where it is *clear* on the face of the complaint that the claim is time-barred. *Radloff-Francis*, 524 F. App'x at 413. "It is not incumbent upon [a plaintiff] to allege facts to prove that . . . its claims [are not] barred by the . . . limitations period." *JP Morgan Tr. Co. Nat. Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1265 (D. Kan. 2006); *see also Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 332 F. App'x 463, 467 (10th Cir. 2009) (where the complaint did not contain dates clearly setting forth when the injury was discovered, the complaint did not make clear that the right to sue had been extinguished and statute of limitations did not apply).

Nevertheless, the court concludes that insofar as Mr. Garner's Claim One is based on UAW's alleged failure to respond to his grievances, his claim is time-barred. A number of Circuit and district courts have held that an employee knows of a union's alleged breach of duty of fair representation, and thus the statute of limitations begins to run, when a charge challenging the subject conduct is filed with the NLRB. *See Becker v. Int'l Bhd. of Teamsters Loc. 120*, 742 F.3d 330, 335 (8th Cir. 2014); *Kavowras v. New York Times Co.*, 328 F.3d 50, 55 (2d Cir. 2003); *Adams v. Budd Co.*, 846 F.2d 428, 431 (7th Cir.

1988). Indeed, when an employee files a charge with the NLRB complaining of a labor organization's actions, the employee "clearly [knows] the[] actions could constitute a violation at that date." *Mills v. Int'l Union of Operating Eng'rs Loc. Union 66*, 252 F. Supp. 2d 210, 214 (W.D. Pa. 2003). And contrary to Mr. Garner's argument, the filing of a charge with the NLRB does not toll the six-month statute of limitations. *See id.*; *see also Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 48 (2d Cir. 2014) (holding that equitable tolling is unavailable "where an optional, parallel avenue of relief is pursued"); *Mayhew v. ILA Loc. 1771*, No. 2:11-03226-PMD, 2012 WL 1532723, at *4 (D.S.C. Apr. 30, 2012) (statute of limitations for DFR claim was not tolled pending NLRB charge). Indeed, "the existence of two potential forums provides an aggrieved plaintiff with greater flexibility than that available to most plaintiffs." *Kolomick v. United Steelworkers of Am., Dist. 8, AFL-CIO*, 762 F.2d 354, 357 (4th Cir. 1985).

Moreover, "prolonged inaction" by a labor organization after the submission of an employee grievance "is sufficient to give a diligent plaintiff notice that the union has breached its duty of fair representation." *Pantoja v. Holland Motors Express., Inc.*, 965 F.2d 323, 327 (7th Cir. 1992); *see also Mediran v. Int'l Ass'n of Machinists & Aerospace Workers*, 425 F. App'x 550, 551 (9th Cir. 2011) ("When a union does not process a grievance for an extended period, the limitations period may well commence, even if the union has not expressly stated that it will not process the grievance.").

Here, Mr. Garner alleges that (1) UAW failed to respond to his grievances for two and a half years, which (2) prompted him to file a complaint with the NLRB challenging UAW's inaction. [Doc. 1 at 3]. Based on the allegations in Mr. Garner's Complaint, it thus appears that his unfair representation claim based on UAW's failure to respond to his

11

grievances accrued—at the very latest—on February 28, 2020, the last day of the month in which Mr. Garner filed his NLRB charge, and potentially earlier based on UAW's alleged prolonged inaction on the grievances. See [Doc. 1 at 3]; *Witt*, 136 F.3d at 1430; *Kavowras*, 328 F.3d at 55. Accordingly, insofar as Claim One is based on UAW's failure to respond to Plaintiff's grievances, I respectfully **RECOMMEND** that this Claim be **DISMISSED without prejudice**.

The court's inquiry, however, does not end here, as Mr. Garner's Claim One is not singularly based on UAW's alleged failure to respond to his grievances; Plaintiff also alleges that "[f]ollowing the initial stages of the grievance process, [UAW] did not maintain custody of the evidence submitted (various physical and electronic communications) in support of the grievances at the time of filing." [Doc. 1 at 3]. And Mr. Garner does not allege when he discovered that UAW failed to maintain custody of the evidence he submitted in the grievance process; while he asserts that "[i]n 2020 [he] received a notification from [UAW] stating the grievances submitted lacked merit and were dismissed," [*id.*], these allegations does not clearly indicate when Mr. Garner learned of UAW's alleged failure to maintain evidence.

The Motion to Dismiss does not address the allegation of the union's handling of evidence, instead arguing only that "the last date cited involving the Union" was February 2020. [Doc. 13 at 5]. But as set forth above, a lack of concrete dates does not render the applicability of the statute of limitations "clear" on the face of the Complaint. *See Escobar v. Reid*, 668 F. Supp. 2d 1260, 1289 (D. Colo. 2009) (where the court could not "definitively determine the applicability of the statute of limitations" period because the plaintiff provided no dates in the complaint, the claims could not be dismissed on statute-

of-limitations grounds); *Wensleydale Way, Inc. v. Fleet Car Lease Inc*, No. 17-cv-02863-RBJ, 2019 WL 295674, at *3 (D. Colo. Jan. 23, 2019) (declining to dismiss on statute-of-limitations grounds where the claim accrual date was not clear on the face of the complaint); *Cosgrove*, 332 F. App'x at 467.  Because it is presently unclear, based on the Complaint, that the statute of limitations has passed with respect to the entirety of the allegations supporting Claim One, the court cannot conclude that Mr. Garner's Claim One is barred by the statute of limitations insofar as it is based on an alleged mishandling or failure to properly maintain evidence.[3]

Nor does Defendant argue that Mr. Garner cannot state an unfair representation claim based on an alleged failure to "maintain" evidence submitted by an employee or otherwise challenge the sufficiency of the allegations supporting Claim One.  See [Doc. 13].  The Supreme Court has instructed that a duty of fair representation is breached "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith," *Vaca*, 386 U.S. at 190, which includes "deceitful or dishonest action." *Clark-Williams v. Loc. 689, Amalgamated Transit Union*, 37 F. Supp. 3d 361, 365 (D.D.C. 2014).  Absent any argument from Defendant, the court does not pass on the sufficiency of Plaintiff's allegations.  *Lebahn*, 813 F.3d at 1308.

---

[3] The court notes that generally, allegations which do not indicate when challenged conduct occurred may fail to meet the requirements of Rule 9(b) or Rule 12(b)(6).  *See, e.g., Sec. Sys., Inc v. Alder Holdings, LLC*, 421 F. Supp. 3d 1186, 1195 (D. Utah 2019); *Baldauf v. Garoutte*, No. 03-cv-01104-REB-CBS, 2007 WL 2697445, at *8 (D. Colo. Sept. 11, 2007), *aff'd*, 295 F. App'x 294 (10th Cir. 2008) (unpublished). However, the court's inquiry in determining whether the statute of limitations has run does not implicate these concerns, as the only question before the court in this analysis is whether it is "clear," based on the Complaint, that the statute of limitations has run.  *Radloff-Francis*, 524 F. App'x at 413.  The court does not find such clarity here.

For these reasons, I respectfully recommend that the Motion to Dismiss be **DENIED** to the extent that it seeks dismissal of Claim One insofar as it asserts a breach of the duty of fair representation arising from UAW's alleged failure to maintain evidence submitted by an employee.

## II.     The Fair Labor Standards Act

The FLSA "sets forth employment rules concerning minimum wages, maximum hours, and overtime pay." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 4 (2011).  Additionally, it protects employees from retaliation, making it unlawful for "any person"—defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons," *see* 29 U.S.C. § 203(a)— to "discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]."  29 U.S.C. § 215(a)(3).  A claim asserting a violation of § 215(a)(3) arises out of § 216, which provides, in pertinent part, that "[a]ny employer who violates the provisions of section 215(a)(3) . . . shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title."  29 U.S.C. § 216(b).

### A.     Coverage Under the FLSA

As a preliminary matter, the court first notes the lack of binding authority establishing that a person may sue his or her labor organization for retaliation under the FLSA, despite UAW not raising this argument itself.  *See generally* [Doc. 13].  The court could locate no Supreme Court or Tenth Circuit authority establishing that a person may sue a labor organization for retaliation under the FLSA.  And while the Third Circuit has concluded that "the term 'any person' used in Section 215 is broad enough to include a

14

union, its officers and members," *Bowe v. Judson C. Burns, Inc.*, 137 F.2d 37, 39 (3d Cir. 1943), other Circuits have suggested that a person may only obtain relief under § 215(a)(3) against his or her employer.  *See Dellinger v. Sci. Applications Int'l Corp.*, 649 F.3d 226, 229 (4th Cir. 2011) (a prospective employer could not be sued for FLSA retaliation because "an employee is given remedies for violations of § 215(a)(3) only from an employer"); *see also Diaz v. Longcore*, 751 F. App'x 755, 759 (6th Cir. 2018) (holding that an employer's attorney could not be sued for retaliation under the FLSA, because although § 215(a)(3) makes it unlawful for "any person" to retaliate against an employee for protected FLSA activity, § 216 creates a private right of action only against "[a]ny *employer* who violates the provisions of section 215(a)(3)." (emphasis added)).

Other courts across the country have found similarly.  *See, e.g.*, *Poole v. City of Plantation*, No. 05-61698-CIV, 2006 WL 8432490, at *3 (S.D. Fla. May 17, 2006) ("[G]iven that civil legal and equitable relief is available only against 'employers' as defined under the FLSA, Plaintiffs' claim for civil non-monetary relief under section 215(a)(3) against Defendants in their individual capacities cannot stand"); *Glover v. City of N. Charleston*, 942 F. Supp. 243, 245 (D.S.C. 1996) ("[T]he 'any employee' language [in § 215(a)(3)] mandates that the plaintiff have an employment relationship with the defendant."). Relevant here, the FLSA's definition of "employer" expressly excludes labor organizations:

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C. § 203(d) (emphasis added).

Because the issue of coverage under the FLSA does not appear to raise jurisdictional concerns,[4] and because Defendant did not raise or brief this issue, this court does not pass on whether an individual may sue his or her labor organization for retaliation under the FLSA as a matter of law and will instead address Defendant's argument concerning the sufficiency of Plaintiff's allegations. *See Dames & Moore v. Regan*, 453 U.S. 654, 660 (1981) (acknowledging the "necessity to rest [the court's] decision on the narrowest possible grounds of deciding the case."); *accord Rodriguez v. City of Chicago*, 156 F.3d 771, 778 (7th Cir. 1998) (Posner, J., concurring) ("If the judges are dubious about the broad ground, then they will do well to decide only on the narrow ground."). The court's decision to reach the merits of Defendant's argument, however, should not be construed as a ruling that a person may sue a labor organization for retaliation under the FLSA.

B.     **Failure to State a Claim**

To state a retaliation claim under the FLSA, a plaintiff must allege that: (1) the plaintiff engaged in activity protected by the FLSA; (2) the plaintiff suffered an adverse action subsequent to or contemporaneous with such activity; and (3) a causal connection

---

[4] Questions of standing raise jurisdictional issues which must be addressed by the court *sua sponte*. *Rector v. City & Cty. of Denver*, 348 F.3d 935, 942 (10th Cir. 2003). With that said, courts in this District have concluded that coverage issues under the FLSA are not jurisdictional. *See Fuentes v. Compadres, Inc.*, No. 17-cv-01180-CMA-MEH, 2018 WL 1444209, at *2-4 (D. Colo. Mar. 23, 2018) (discussing whether the existence of an employer-employee relationship for FLSA purposes constitutes a jurisdictional issue and concluding it does not, as the FLSA does not establish such jurisdictional limitations); *see also Murphy v. Allstaff Med. Res., Inc.*, No. 16-cv-2370-WJM-MEH, 2017 WL 2224530, at *3 (D. Colo. May 22, 2017) (concluding that FLSA coverage issues are not jurisdictional); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.").

existed between the protected activity and the adverse action. *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997). UAW argues that Mr. Garner fails to state a retaliation claim because he has not alleged any causal connection between his EEOC charge and UAW's actions. [Doc. 13 at 6].[5] Plaintiff does not respond to this argument. *See* [Doc. 17; Doc. 18].

The court respectfully agrees with Defendant that Plaintiff has failed to allege a causal connection between his alleged protected activity and any alleged adverse action. A plaintiff can establish the requisite causal connection either "directly or circumstantially." *Pacheco v. Whiting Farms, Inc.*, 365 F.3d 1199, 1206 (10th Cir. 2004). "A causal connection can be demonstrated circumstantially through evidence that justifies an inference of retaliatory motive, such as a 'very close' temporal proximity between the protected activity and adverse employment action." *Id.* However, conclusory statements of a retaliatory motive, accompanied by "no facts that show direct causation or retaliatory motive," are insufficient to "permit the Court to make the inference that [the] defendant may have had a retaliatory motive." *Bracamontes v. Bimbo Bakeries U.S.A. Inc.*, No. 15-cv-02324-RBJ, 2016 WL 5791202, at *6 (D. Colo. Sept. 30, 2016).

With respect to retaliation, Mr. Garner alleges only that "the only justification for [UAW's actions or inactions] was . . . [his] interaction with the EEOC." [Doc. 1 at 4]. He does not allege the date on which he filed the EEOC charge, nor does he allege any facts

---

[5] Defendant does not argue that the filing of an EEOC charge is not protected activity under the FLSA. *See* [Doc. 13]. Accordingly, the court does not pass on whether the filing of such a charge amounts to "any complaint . . . under or related to [the FLSA]." 29 U.S.C. § 215(a)(3). Similarly, because Defendant does not argue that its delay in processing or responding to Plaintiff's grievances cannot constitute an adverse action for FLSA purposes, the court assumes, without deciding, that Mr. Garner has alleged this element.

demonstrating that UAW had notice that he had filed an EEOC charge. *See* [*id.*]; *see also Bracamontes*, 2016 WL 5791202, at *6 (holding that the plaintiffs failed to state a retaliation claim where they "allege[d] no facts that show direct causation or retaliatory motive, and [did] not even allege any dates or a timeline that could serve as circumstantial evidence" of a retaliatory motive); *Thomas v. Pauls Valley Boomarang Diner, LLC*, 320 F. Supp. 3d 1253, 1264 (W.D. Okla. 2018) (allegation that an adverse action occurred "subsequent to" protected activity was insufficient to state a claim). Plaintiff's mere conclusion that one event must have caused another is insufficient to state an FLSA retaliation claim. *Bracamontes*, 2016 WL 5791202, at *6; *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Because the Complaint lacks sufficient factual allegations to state a plausible retaliation claim, Claim Two should be dismissed for failure to state a claim under Rule 12(b)(6).

In its Motion to Dismiss, UAW seeks dismissal of Plaintiff's claims "with prejudice." [Doc. 13 at 4, 7]. UAW provides no legal basis for its request. *See* [*id.*]. Dismissal with prejudice is appropriate only when it is patently obvious that the plaintiff cannot plead a plausible claim for relief and amendment would thus be futile. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (explaining that dismissal without prejudice to allow amendment of the complaint is appropriate where the plaintiff is "close to stating a claim but [is] missing some element that may not have occurred to him" (internal quotation marks omitted)). "Generally, a court will not dismiss a pro se litigant's action without leave to amend," *Alfaro v. Cty. of Arapahoe*, No. 18-cv-00737-MSK-NYW, 2018 WL 5259609, at *2 (D. Colo. May 2, 2018), *report and recommendation adopted*, 2018 WL 4577253 (D.

18

Colo. Sept. 25, 2018), and Tenth Circuit has instructed that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend," particularly in cases where the "deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). In these circumstances, "dismissal of the complaint without prejudice is preferable." *Id.*

Defendant's Motion addresses only the sufficiency of Plaintiff's allegations. *See generally* [Doc. 13]. The court cannot conclude that dismissal with prejudice is appropriate where Defendant has presented no legal argument or authority in support of its request. Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED in part** and that Plaintiff's Claim Two be **DISMISSED without prejudice**.

## CONCLUSION

For the reasons set forth herein, this court respectfully **RECOMMENDS** that:

(1) The Motion of Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) to Dismiss the Complaint [Doc. 12] be **GRANTED in part** and **DENIED in part** as set forth in this Recommendation;

(2) To the extent Claim One asserts a violation of 29 U.S.C. § 158(b) or is based on Defendant's alleged failure to respond to Plaintiff's grievances, the Claim be **DISMISSED without prejudice**;

(3) Plaintiff's Claim Two be **DISMISSED without prejudice**; and

(4)     Plaintiff be **GRANTED** leave to file a motion to amend the complaint which complies with the Federal Rules of Civil Procedure and the Local Rules and is accompanied by a proposed amended pleading.[6]

It is further **ORDERED** that:

(1)     A copy of this Recommendation shall be sent to:

Eric L. Garner
9100 East Gerard Avenue
Unit 12
Denver, CO 80231

DATED: March 23, 2022                   BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[6] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).